PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED BY PG D.C.
NOV 12 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| United States District Court | District: Southern District |
|---|---|
| Name (under which you were convicted): Sayyid Khan | Docket or Case No.: 13-6219CF10A |
| Place of Confinement: Martin Correctional Institution 1150 SW Allapattah Rd., Indiantown, FL 34956 | Prisoner No: B13364 |
| Petitioner (include the name under which you were convicted) SAYYID KHAN | v. | Respondent (authorized person having custody of petitioner) STATE OF FLORIDA |
| The Attorney General of the State of Florida: Ashley Moody | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **Broward County Circuit Court, 201 SE 6th Street, Fort Lauderdale, FL 33301**

   (b) Criminal docket or case number (if you know): **13-6219-CF10A**

2. (a) Date of the judgment of conviction (if you know): **November 13, 2014**

   (b) Date of Sentencing: **November 13, 2014**

3. Length of Sentence: **40 years Florida State Prison, 20 years probation**

4. In this case, were you convicted on more than one count or of more than one crime?

   Yes ☒   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:

   **Armed Kidnapping
   Aggravated Assault with Deadly Weapon
   Aggravated Battery with Deadly Weapon
   Attempted Sexual Battery**

   cat / div 530 /2254/WPB
   Case # _____
   J___ _____ Mag ReID
   Mot n Ifp NO  Fee pd $ O
   Receipt # _____

6. (a) What was your plea? (Check one)

   ☐ (1) Not Guilty         ☒ (3) Nolo contendere (no contest)

   ☐ (2) Guilty              ☐ (4) Insanity plea

1

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one) **N/A**

☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Broward County Circuit Court**

(b) Docket or case number (if you know): **13-6219CF10A**

(c) Result: **affirmed**

(d) Date of result (if you know): **January 22, 2016**

(e) Citation of the case (if you know):

(f) Grounds raised: **The trial court abused its discretion in denying Appellant's motion to withdraw his open plea without conducting a *Sheppard*'s hearing when Appellant timely brought to court's attention an adversarial relationship between Appellant and his attorney that which influenced his open plea, and failure to hold such a hearing deprived Appellant his constitutional due process rights under the Fourteenth Amendment of the U.S. Constitution.**

(g) Did you seek further review by a higher court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Broward County Circuit Court**

(2) Docket or case number (if you know): **13-6219CF10A**

(3) Date of filing (if you know): **11-16-14**

(4) Nature of the proceeding: **Motion to Withdraw Plea**

(5) Grounds raised: **Counsel misadvised and promised lenient treatment and advised the Defendant that he would receive any sentence from probation to halfway house for mental treatment if the trial court granted a motion for downward departure. Attorney advised and misadvised Defendant that if motion was denied he would receive no more than 10 years FSP. Instead this trial court sentenced Defendant to a term of 40 years FSP followed by 20 years probation, counsel misadvised Defendant.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes   ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **District Court of Appeal, Fourth District**

(2) Docket or case number (if you know): **13-6219CF10A**

(3) Date of filing (if you know): **February 12, 2016**

(4) Nature of the proceeding: **Petition for Writ of Habeas Corpus**

(5) Grounds raised: **Counsel failed to argue in the appeal that the trial court abused its discretion while summarily denying Petitioner's motion to withdraw his plea, and that, the court should have appointed conflict-free attorney to aid him in properly drafting his motion to withdraw, based on the sufficient allegation that there existed an adversarial relationship between Petitioner and trial counsel, which may have profoundly influenced Petitioner's decision to waive his constitutional rights.**

(6) Did you receive a hearing where evidence was given on your petition, application or motion? ☐ Yes ☒ No

(7) Result: **affirmed**

(8) Date of result (if you know): **March 23, 2016**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **Broward County Circuit Court**

(2) Docket or case number (if you know): **13-6219CF10A**

(3) Date of filing (if you know): **May 10, 2019**

(4) Nature of the proceeding: **Petition for Writ of Habeas Corpus / 3.850**

(5) Grounds raised:

**Claim 1: Defendant's change of plea involuntary based upon misrepresentation describing nature of the charges, offense levels, factual basis to affect plea, direct consequences of plea, maximum penalty, maximum penalty jurisdiction of the trial court to accept Defendant's open plea for Counts 1 & III of the information, jurisdiction to sentence Defendant for different offense levels than reflected in the plea colloquy, sentencing for Count III as a third degree felony that is a non-existent offense pursuant to F.S. § 794.011(4) (2013) – only to adjudicate Defendant for a 1st degree felony for Count III; all in violation of the due process clause, and the separation of powers clause, of the United States Constitution and Florida Constitution.**

**Claim 2: Defense counsel was ineffective for failure to file a timely motion to suppress Defendant's statements, and confessions to police;**

4

  and if denied, for failure to immediately schedule a change of plea and sentencing hearing prior to Defendant's 21st birthday on October 14, 2013, as if pleading Defendant no contest was defense counsel's plan all along, the operative motion that needed to be filed and resolved quickly was the motion to suppress statements, such that Defendant was youthful offender qualified, notwithstanding being charged in Count 1 with armed kidnapping. [*Gallimore v. State*, 100 So.3d 1264, 1266-1267 (Fla. 4th DCA 2012)].

Claim 3: Defense counsel ineffective for waiving PSI at Defendant's change of plea hearing for no valid reason, such that Defendant had no priors and the PSI that would have been replete with psychological maladies, and aberrant family history should have been considered by the trial court at sentencing, where defense counsel told Defendant "we don't need it."

Claim 4: Assuming arguendo that this court were to find that the State consented to reduce Count 1 from a life felony to a first PBL for Defendant's change of plea hearing, defense counsel was ineffective for permitting the court to sentence Defendant to 40 years Florida State Prison at sentencing, where the waiver of a life sentence imposed by the court reduced the statutory maximum sentence that could have been lawfully imposed for a reduced 1st degree felony PBL, to 30 years Florida State Prison for Count 1, representing the statutory maximum for a first degree felony [argued in the alternative].

(6) Did you receive a hearing where evidence was given on your petition, application or motion? ☐ Yes ☒ No

(7) Result: **affirmed**

(8) Date of result (if you know): **September 12, 2019**

5

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

|  | Yes | No |
|---|---|---|
| (1) First petition: | ☐ | ☒ |
| (2) Second petition: | ☐ | ☒ |
| (3) Third petition: | ☐ | ☒ |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **PCA judgment.**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

## GROUND ONE

DEFENDANT'S CHANGE OF PLEA WAS INVOLUNTARY BASED UPON: MISREPRESENTATIONS MADE DESCRIBING THE NATURE OF THE CHARGES, OFFENSE LEVEL, FACTUAL BASIS TO ACCEPT THE PLEA DIRECT CONSEQUENCES OF THE PLEA, MAXIMUM PENALTY, MINIMUM PENALTY, JURISDICTION OF THE TRIAL COURT TO ACCEPT DEFENDANT'S OPEN PLEA FOR COUNTS 1 & 3 OF THE INFORMATION, JURISDICTION TO SENTENCE DEFENDANT FOR DIFFERENT OFFENSE LEVELS THAN REFLECTED IN THE PLEA COLLOQUY, SENTENCING FOR COUNT 3 AS A 3RD DEGREE FELONY THAT IS A NON-EXISTENT OFFENSE PURSUANT TO FS. 790.011(4)(2013)- ONLY TO ADJUDICATE DEFENDANT FOR A 1ST DEGREE FELONY FOR COUNT 3; ALL IN VIOLATION OF THE DUE PROCESS CLAUSE, AND THE SEPARATION OF POWERS CLAUSE, OF THE UNITED STATES CONSTITUTION AND FLORIDA CONSTITUTION.

(a) **Supporting facts**
(do not argue or cite law, just state the specific facts that support your claim):

Nobody knew what charges the defendant was pleading no contest to on August 1, 2014, not the court, not the state, not the defendant's attorney, and certainly not the defendant. There

6

was no meeting of the minds, period. The plea colloquy was atrocious. It was impossible for defendant's plea to have been voluntary, as the nature of the charges stated by the court was both false and misleading, fostered by the state's false dialogue. Defendant's judgment and sentence on November 13, 2014, for counts 1 Armed Kidnapping, filed pursuant to F.S. §787.01(1)(a), 787.02(2) and 775.087(1)(a); and count three Attempted sexual battery, filed pursuant to F.S. § 777.04(1), 777.04(4) and 794.011, do not comport with the same level of offenses that defendant plead no contest to on August 1, 2014.

(b) **If you did not exhaust your state remedies on Ground One, explain why:** N/A

(c) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No
    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a postconviction motion or petition for habeas corpus in the state trial court? ☒ Yes ☐ No
    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition: **3.850 Motion for Post conviction Relief**
    Name and location of the court where the motion or petition was filed:
        **In The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.**
    Docket or case number (if you know): **13-6219CF10A**
    Date of the court's decision: **September 12, 2019**
    Result (attach a copy of the court's opinion or order, if available): **Denied.**
    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the motion or petition was filed:
        **Fourth District Court of Appeal, Florida**

Docket or case number (if you know): **4D19-3170**

Date of the court's decision: **September 18, 2020**

Result (attach a copy of the court's opinion or order, if available): **Affirmed.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

## GROUND TWO

DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A TIMELY MOTION TO SUPPRESS DEFENDANT'S STATEMENTS , AND CONFESSIONS TO POLICE; AND IF DENIED, FOR FAILURE TO IMMEDIATELY SCHEDULE A CHANGE OF PLEA AND SENTENCING HEARING PRIOR TO DEFENDANT'S 21ST BIRTHDAY ON OCTOBER 14,2013, AS IF PLEADING DEFENDANT NO CONTEST WAS DEFENSE COUNSEL'S PLAN ALL ALONG, THE OPERATIVE MOTION THAT NEEDED TO BE FILED AND RESOLVED QUICKLY WAS THE MOTION TO SUPPRESS STATEMENTS, SUCH THAT DEFENDANT WAS YOUTHFUL OFFENDER QUALIFIED, NOTWITHSTANDING BEING CHARGED IN COUNT 1 WITH ARMED KIDNAPPING.[GALLIMORE V. STATE, 100 SO.3D 1264, 1266-1267 (FLA. 4TH DCA 2012)].

(a) **Supporting facts**
(do not argue or cite law, just state the specific facts that support your claim):

Counsel was ineffective during the preparation stage of the defendants case where counsel failed to file and have heard a motion to suppress statement. Defendant requested that counsel file a motion to suppress because he felt his constitutional rights had been violated during the interrogation process. Counsel ignored the defendant in this request and proceeded to negotiate a plea on the defendants behalf. There was never any hearing held nor was there any voluntariness determination which is required even where there is no motion to suppress filed for the defendant

(b) **If you did not exhaust your state remedies on Ground Two, explain why: N/A**

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a postconviction motion or petition for habeas corpus in the state trial court? ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **3.850 Motion for Post conviction Relief**

        Name and location of the court where the motion or petition was filed:

        **In The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.**

        Docket or case number (if you know): **13-6219CF10A**

        Date of the court's decision: **September 12, 2019**

        Result (attach a copy of the court's opinion or order, if available): **Denied.**

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the motion or petition was filed:

        **Fourth District Court of Appeal, Florida**

        Docket or case number (if you know): **4D19-3170**

        Date of the court's decision: **September 18, 2020**

        Result (attach a copy of the court's opinion or order, if available): **Affirmed**

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**

## GROUND THREE

DEFENSE COUNSEL WAS INEFFECTIVE FOR WAIVING PSI AT DEFENDANT'S CHANGE OF PLEA HEARING FOR NO VALID REASON, SUCH THAT DEFENDANT HAD NO PRIORS AND THE PSI THAT WOULD HAVE BEEN REPLETE WITH PSYCHOLOGICAL MALADIES, AND ABERRANT FAMILY HISTORY SHOULD HAVE BEEN CONSIDERED BY THE TRIAL COURT AT SENTENCING, WHERE DEFENSE COUNSEL TOLD DEFENDANT "WE DON'T NEED IT".

(a) **Supporting facts**
(do not argue or cite law, just state the specific facts that support your claim):

Counsel was ineffective during sentencing where counsel waived the PSI in defendant's case. Defendant's back ground involved psychological conditions, and the defendant had never been arrested for any criminal offense. Moreover, defendant's case occurred prior to his 21st birthday. All of this could have been considered by the sentencing judge prior to the defendant being sentenced which could have resulted in a reduced sentence. Without the PSI defendant was denied his one opportunity to present evidence which could have been considered mitigating evidence.

(b) **If you did not exhaust your state remedies on Ground Three, explain why:** N/A

(c) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No
   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a postconviction motion or petition for habeas corpus in the state trial court? ☒ Yes ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: **3.850 Motion for Post conviction Relief**
   Name and location of the court where the motion or petition was filed:
   **In The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.**

10

Docket or case number (if you know): **13-6219CF10A**

Date of the court's decision: **September 12, 2019**

Result (attach a copy of the court's opinion or order, if available): **Denied.**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

**Fourth District Court of Appeal, Florida**

Docket or case number (if you know): **4D19-3170**

Date of the court's decision: **September 18, 2020**

Result (attach a copy of the court's opinion or order, if available): **Affirmed.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**

## GROUND FOUR

COUNSEL WAS INEFFECTIVE FOR PERMITTING THE COURT TO SENTENCE THE DEFENDANT TO 40 YEARS FLORIDA STATE PRISON AT SENTENCING, WHERE THE WAIVER OF LIFE SENTENCE IMPOSED BY THE COURT REDUCED THE STATUTORY MAXIMUM SENTENCE THAT COULD HAVE BEEN LAWFULLY IMPOSED FOR A REDUCED FIRST DEGREE FELONY PBL, TO 30 YEARS FLORIDA STATE PRISON FOR COUNT 1, REPRESENTING THE STATUTORY MAXIMUM FOR FIRST DEGREE FELONY.

(a) **Supporting facts**
(do not argue or cite law, just state the specific facts that support your claim):
The defendant plead no contest to count 1, as a first degree PBL Kidnapping on August 1, 2014, and not a life felony. Although the court could have imposed up to a life sentence for count 1, the court waived the life sentence for defendant. Upon such waiver, the court could not impose

greater than the statutory maximum of 30 years on first degree felony PBL, because life was not imposed, such that the statutory maximum reverts back to 30. This claim also supports Defendant's overall claim that defendant's plea was involuntary on August 1, 2014.

(b) **If you did not exhaust your state remedies on Ground Four, explain why:** N/A

(c) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No
   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a postconviction motion or petition for habeas corpus in the state trial court? ☒ Yes ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
      Type of motion or petition: **3.850 Motion for Post conviction Relief**
      Name and location of the court where the motion or petition was filed:
         **In The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.**
      Docket or case number (if you know): **13-6219CF10A**
      Date of the court's decision: **September 12, 2019**
      Result (attach a copy of the court's opinion or order, if available): **Denied.**
   (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
   (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
   (6) If your answer to Question (d)(4) is "Yes," state:
      Name and location of the court where the motion or petition was filed:
         **Fourth District Court of Appeal, Florida**
      Docket or case number (if you know): **4D19-3170**
      Date of the court's decision: **September 18, 2020**
      Result (attach a copy of the court's opinion or order, if available): **Affirmed.**
   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

12

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

\* \* \*

13. Please answer these additional questions about the petition you are filing:
    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☒ No
    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *per curiam* **affirmed**
    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you are challenging in this petition?  ☐ Yes  ☒ No
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: **Robert Nichols**
    (b) At arraignment and plea: **Robert Nichols**
    (c) At trial: **Robert Nichols**
    (d) At sentencing: **Robert Nichols**
    (e) On appeal:
    (f) In any postconviction proceedings: **Richard Rosenbaum**

(g) On appeal from any ruling against you in a postconviction proceeding:

**Richard Rosenbaum**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

**Petitioner had timely motions for postconviction relief pending, therefore Petitioner's Federal time was tolled. Petitioner's Petition is timely pursuant to § 2244(d)(2).**

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief: grant Petitioner an evidentiary hearing or any relief this Court deems proper.

/s/ *Sayyid Khan*
Sayyid Khan, DC# B13364

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *November 5*, 2020.

Executed (signed) on *Sayyid Khan*.
*November 5, 2020*

/s/ *Sayyid Khan*
Sayyid Khan, DC# B13364
Petitioner, *pro se*
Martin Correctional Institution
1150 SW Allapattah Rd.
Indiantown, FL 34956

15

Khan, Sayyid #B133364
Martin Correctional Institution
1150 S.W. Allapattah Road
Indiantown, Fl, 34956-4310

PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 11/05/2020
FOR MAILING

SK

United States District Court
Southern District of Florida
Office of the Clerk - Room 8N09
400 North Miami Avenue
Miami, Florida, 33128-7716

